# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ORLANDO PEAY,

        Petitioner,

                                  CASE NO. 07-11003

v.                                  HONORABLE LAWRENCE P. ZATKOFF

BLAINE LAFLER,

        Respondent.
_____/

## OPINION AND ORDER
## (1) DISMISSING HABEAS CORPUS PETITION,
## (2) DENYING PETITIONER'S MOTIONS FOR SUMMARY JUDGMENT,
## FOR RELIEF FROM JUDGMENT, AND FOR SANCTIONS, AND
## (3) GRANTING PETITIONER'S MOTIONS FOR IMMEDIATE CONSIDERATION

This matter is pending before the Court on petitioner Orlando Peay's *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's state convictions for first-degree murder and possession of a firearm during the commission of a felony (felony firearm). Also pending before the Court are Petitioner's motions for summary judgment, for relief from judgment, for sanctions, and for immediate consideration.

Respondent Blaine Lafler has filed a responsive pleading in which he urges the Court to deny the habeas petition. The Court agrees with Respondent that Petitioner's claims lack merit. Therefore, the habeas petition and Petitioner's dispositive motions must be denied.

**I. Background**

    **A. Pretrial and Trial Proceedings**

On March 8, 1996, state District Judge Donald Coleman held a preliminary examination and transferred jurisdiction to Wayne County Circuit Court (formerly Recorder's Court) for trial. On

November 14, 1996, Judge Robert Ziolkowski selected a jury, but did not administer the oath to the jurors. On November 18, 1996, Judge Ziolkowski dismissed the case without prejudice because the main prosecution witness did not appear for trial and the prosecution failed to show due diligence in obtaining the witness's presence. Judge Ziolkowski ruled that the witness's testimony from the preliminary examination held on March 8, 1996, could not be used at trial. The prosecution re-issued a warrant for Petitioner's arrest, but on December 12, 1996, state District Judge Mary Waterstone dismissed the case without prejudice due to an untimely arraignment on the warrant.

The prosecution re-filed the charges once again and issued another warrant for Petitioner's arrest. On December 27, 1996, a second preliminary examination was held and state District Judge Joseph N. Baltimore transferred the case to Wayne County Circuit Court for trial. The case was assigned to Circuit Judge Cynthia Gray Hathaway, who dismissed the case without prejudice on July 18, 1997. Judge Hathaway opined that, in the absence of new information, District Judge Baltimore was precluded from transferring the case to the circuit court. The prosecutor appealed Judge Hathaway's ruling to the Michigan Court of Appeals, which reversed Judge Hathaway's decision and remanded the case for trial. *See People v. Peay*, No. 205917 (Mich. Ct. App. Sept. 22, 1998) (unpublished).

Petitioner was tried before a jury in Wayne County Circuit Court but Judge Daniel P. Ryan announced a mistrial on May 28, 1999, because the jury was unable to reach a decision. Petitioner had a second jury trial, which was presided over by Judge Hathaway. On November 10, 2000, the jury found him guilty of first-degree murder, MICH. COMP. LAWS § 750.316, and felony firearm, MICH. COMP. LAWS § 750.227b. The convictions arose from the fatal shooting of Clifton Smith in Detroit, Michigan on January 11, 1996. Judge Hathaway sentenced Petitioner to two years in prison

2

for the felony firearm conviction and to life imprisonment for the murder.

### B. The Direct Appeal and Post-Judgment Motion

Petitioner's first appellate attorney failed to file a claim of appeal. Petitioner's second appellate attorney filed an untimely claim of appeal, which the Michigan Court of Appeals dismissed for lack of jurisdiction. *See People v. Peay*, No. 238553 (Mich. Ct. App. Apr. 16, 2002) (unpublished). The attorney sought a rehearing, but the state court of appeals denied the motion and directed Petitioner to file a delayed application for leave to appeal within forty-two days. *See People v. Peay*, No. 238553 (Mich. Ct. App. May 29, 2002) (unpublished).

In his application for leave to appeal, Petitioner argued through counsel that the prosecutor had commented improperly on the exercise of the marital privilege, had made a false argument, had used inadmissible hearsay testimony, and had engaged in judge-shopping. Petitioner also alleged that the marital privilege was violated, that he was entitled to additional credit for time served, and that his trial and appellate attorneys were ineffective. The Michigan Court of Appeals affirmed Petitioner's convictions and sentence, but remanded his case to the trial court for amendment of the judgment of sentence to reflect the correct amount of jail credit. *See People v. Peay*, No. 242443 (Mich. Ct. App. June 17, 2004) (unpublished). Petitioner did not appeal that decision to the Michigan Supreme Court.

On February 2, 2005, Petitioner filed a motion for relief from judgment. He argued that the trial court had lacked jurisdiction to try him and that he received ineffective assistance of counsel in the trial court and on appeal. On October 20, 2005, the trial court denied Petitioner's motion because Petitioner had raised the same issues on appeal. Petitioner claims that the court clerk did not mail a copy of the order to him until two months after the order was entered. He filed an

application for leave to appeal in which he alleged that the trial court did not address his miscarriage-of-justice issue and held him to the same standard as an attorney. The Michigan Court of Appeals dismissed Petitioner's application without prejudice for failure to pay the filing fee. *See People v. Peay*, No. 273784 (Mich. Ct. App. Dec. 13, 2006). Petitioner did not attempt to reinstate his appeal and did not file an application for leave to appeal in the Michigan Supreme Court.

### C. The Habeas Petition

Petitioner filed his habeas corpus petition on March 8, 2007. He claims that (1) there was not a proper assignment of his case to Judge Cynthia Gray Hathaway, (2) a miscarriage of justice occurred as a result of the multiple prosecutions, (3) the second prosecution placed Petitioner in double jeopardy, and (4) he has been denied access to the state courts.

Respondent argues that Petitioner's claims lack merit and also are procedurally defaulted because Petitioner failed to exhaust state remedies for his claims and no longer has an available state remedy to exhaust. The Court agrees that Petitioner's claims lack merit, and because it is more efficient to adjudicate the merits of Petitioner's claims than to analyze whether they are exhausted or procedurally defaulted, the Court will excuse the alleged procedural deficiencies.[1]

## II. Standard of Review

Petitioner is entitled to the writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court

---

[1] The exhaustion requirement is not a jurisdictional one, *White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005), and federal courts need not address a procedural-default issue before deciding against the petitioner on the merits, *Mahdi v. Bagley*, 522 F.3d 631, 635 (6th Cir. 2008) (quoting *Hudson v. Jones*, 351 F.3d 212, 216 (6th Cir. 2003)).

of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). When no state court has evaluated a habeas petitioner's federal claim on the merits, the deference due under § 2254(d) does not apply, and habeas review of the claim is *de novo*. *Higgins v. Renico*, 470 F.3d 624, 630 (6th Cir. 2006) (quoting *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003)).

## III. Discussion

### A. Assignment of the Case to Judge Hathaway

Petitioner alleges that Circuit Judge Cynthia Gray Hathaway lacked jurisdiction to conduct his second trial because the chief judge did not transfer his case from Judge Ryan, who presided over Petitioner's first trial, to Judge Hathaway. Petitioner maintains that the improper assignment of his case violated Michigan Court Rule 8.111.

The Michigan Court of Appeals determined that Petitioner failed to preserve this issue for appeal because Petitioner proceeded to trial without challenging the case assignment. The court of appeals also held that a violation of Rule 8.111 did not involve a jurisdictional error and that the record did not support Petitioner's contention that the prosecution manipulated the assignment of the case.

This Court finds no merit in Petitioner's claim because the "[d]etermination of whether a state court [wa]s vested with jurisdiction under state law is a function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the

5

Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citing 28 U.S.C. § 2241 and *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (*per curiam*)). Because Petitioner has not alleged the violation of a federal constitutional right, he is not entitled to relief on the basis of his first claim.

### B. Double Jeopardy

Petitioner's second and third claims allege that Petitioner was twice placed in jeopardy as a result of the multiple attempts to prosecute him. Petitioner asserts that: (1) the prosecutor should not have been permitted to change the case number and re-start the process after Recorder's Court Judge Ziolkowski dismissed the case without prejudice on November 18, 1996; (2) state District Judge Mary Waterstone should have dismissed his case with prejudice on December 12, 1996, to avoid multiple prosecutions; (3) state District Judge Joseph N. Baltimore abused his discretion when he presided over a preliminary examination following two prior dismissals of the case; and (4) Circuit Judge Cynthia Gray Hathaway denied him an opportunity to challenge the state appellate court's decision, which reversed her order of dismissal. In addition, Petitioner alleges that Judge Ziolkowski's order of dismissal on November 18, 1996, was equivalent to an acquittal. Habeas review of these claims is *de novo* because no state court has addressed the issues on the merits.

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution provides that "[n]o person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb . . . ." U.S. CONST. amend. V. The Clause "protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969) (footnotes omitted), *overruled on other grounds by Alabama v.*

6

*Smith*, 490 U.S. 794 (1989). Jeopardy attaches when the jury is sworn or, in a bench trial, when the judge begins to receive evidence. *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 569 (1977).

Petitioner relies on the protection against multiple prosecutions for the same offense. Judge Ziolkowski, however, dismissed Petitioner's case before the jury was sworn.[2] Thus, jeopardy had not attached.

Jeopardy also had not attached when state District Judges Waterstone and Baltimore considered Petitioner's case. "[J]eopardy does not attach until a defendant is 'put to trial before the trier of the facts, whether the trier be a jury or a judge.'" *Serfass v. United States*, 420 U.S. 377, 391 (1975) (quoting *United States v. Jorn*, 400 U.S. 470 (1970)). Furthermore, the dismissals entered by Judges Ziolkowski and Waterstone were without prejudice, and "a dismissal without prejudice does not bar a second prosecution for the same offense, inasmuch as such terminations are not tantamount to acquittal." *Dortch v. United States*, 203 F.2d 709, 710 (6th Cir. 1953).

While it is true that Petitioner was tried twice for the same offenses, his first trial ended in a mistrial because the jury was unable to reach a decision. There is no bar to re-prosecution under such circumstances. *Richardson v. United States*, 468 U.S. 317, 324 (1984) (citing *Logan v. United States*, 144 U.S. 263, 297-98 (1892)). Therefore, Judge Hathaway did not violate Petitioner's double jeopardy rights when she conducted a second trial on the same charges. Petitioner's double-jeopardy claims have no merit.

---

[2] Although the transcript of that proceeding is not a part of the record before this Court, the prosecutor and Circuit Judge Cynthia Gray Hathaway stated on the record at a motion hearing on July 18, 1997, that Judge Ziolkowski had selected a jury, but not sworn the jurors, and, therefore, jeopardy had not attached. Defense counsel did not object to these comments. (Tr. July 18, 1997, at 8.)

7

### C. Miscarriage of Justice

In his fourth and final claim, Petitioner alleges that he has been denied access to the state courts. He appears to be saying that the trial court did not provide him with a copy of its order denying his motion for relief from judgment until two months after the court issued the order. He claims that this delay in mailing the order prevented him from filing a timely motion for reconsideration in the trial court and a timely appeal to the Michigan Court of Appeals.

Habeas relief may not be granted for alleged deficiencies in a state's post-conviction procedures because such claims relate to a state civil matter, not the custody of a defendant. *Roe v. Baker*, 316 F.3d 557, 571 (6th Cir. 2002) (citing *Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986)). Therefore, Petitioner's claim is not cognizable on federal habeas review. *Id.* at 571.

## IV. Conclusion

Petitioner's first and fourth claims are not cognizable on habeas review, and his double jeopardy claims lack merit. Accordingly, the application for a writ of habeas corpus is **DENIED**.

Petitioner's pending motions for summary judgment and for relief from judgment urge the Court to consider all the facts. The motions also allege that Petitioner is actually innocent of the crimes for which he is incarcerated and that his convictions were the result of a conspiracy and a fraud committed on the court. The Court has found no evidence of a conspiracy or fraud on the court, and "[t]he threshold for any hypothetical freestanding innocence claim [is] 'extraordinarily high.'" *House v. Bell*, 547 U.S. 518, 555 (2006) (quoting *Herrera v. Collins*, 506 U.S. 390, 417 (1993)). Petitioner's claim of innocence fails because he has not demonstrated that a reasonable juror more likely than not would have reasonable doubt in light of new evidence. *House*, 547 U.S. at 538. Accordingly, Petitioner's motions for summary judgment and relief from judgment [Docs.

15, 18, 21-22, and 27-28] are **DENIED.**

Petitioner's motion for contempt of court or for sanctions alleges that Petitioner's efforts have been sabotaged by the Court's failure to comply with the court rules and failure to respond to his motions. Petitioner's motions have been filed, placed on the docket, and addressed. Therefore, sanctions are inappropriate, and Petitioner's motion for contempt of court or for sanctions [Doc. 29, June 13, 2008] is **DENIED**. Petitioner's motions for immediate consideration [Docs. 19-20 and 26] are **GRANTED** to the extent that the Court has expedited its review of Petitioner's claims.

**IT IS SO ORDERED.**

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: July 21, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 21, 2008.

S/Marie E. Verlinde
Case Manager
(810) 984-3290